**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Precision Sampling, Inc., ) | No. CV 12-02228-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| EA Engineering, Science and Technology, ) | |
| Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it defendant's motion for judgment on the pleadings (doc. 7), plaintiff's response (doc. 9), and defendant's reply (doc. 13).

Plaintiff Precision Sampling, Inc. provides geotechnical and groundwater sampling services. In March 2012, plaintiff contracted with defendant EA Engineering, Science and Technology, Inc. in connection with defendant's work on the Iron King Mine in Dewey-Humbolt, Arizona. The Iron King Mine is a "Superfund" contaminated site. Pursuant to a Subcontractor Service Order Agreement dated April 16, 2012 (the "Agreement"), plaintiff agreed to provide geological and environmental sampling services for defendant. Disputes arose regarding plaintiff's performance and defendant's payment for the services. Before the project was completed, defendant agreed to pay plaintiff certain sums in an effort to resolve the disputes. However, defendant subsequently refused to make the promised payment.

1   Plaintiff then filed this action asserting claims for breach of contract and unjust enrichment.
2   Defendant filed a counterclaim, alleging that plaintiff breached the Agreement by failing to
3   properly perform its duties. Defendant now moves to dismiss, claiming that under A.R.S.
4   § 32-1153 plaintiff is barred from filing this action because it did not have a contractor's
5   license as required by A.R.S. § 32-1151.

6   A.R.S. § 32-1151 provides that "[i]t is unlawful for any person [or organization] to
7   act in the capacity . . . of a contractor without having a contractor's license." If a contractor,
8   as defined in § 32-1101, violates the licensing requirement, he is prohibited from
9   "commenc[ing] or maintain[ing] any action in any court of the state for collection of
10  compensation for the performance of any act for which a license is required." The statute
11  requires that a contractor have the requisite license at the time the work is bid and performed.
12  The purpose of the act is to "furnish protection to the public by strict licensing requirements
13  even where harsh consequences fall upon those who do contracting work in good faith
14  without an appropriate license." Schlicht v. Curtin, 117 Ariz. 30, 32, 570 P.2d 801, 803 (Ct.
15  App. 1977).

16  Defendant argues that plaintiff has failed to establish that it had an Arizona
17  contracting license when it contracted with defendant and performed the work for which it
18  now seeks payment. Plaintiff contends that it was not acting as a contractor as that term is
19  defined by the statute, and therefore § 32-1153 does not bar this action. Therefore, the issue
20  before us is whether plaintiff was acting as a "contractor" under the Agreement, such that it
21  was required to have a license.

22  A.R.S. § 32-1101(A)(3) defines "contractor" as "synonymous with the term 'builder'"
23  and means any person, firm, or other organization that

> for compensation, undertakes to or offers to undertake to, purports to have the capacity to undertake to, submits a bid or responds to a request for qualification or a request for proposals for construction services to, does himself or by or through others, or directly or indirectly supervises others to:
>
> (a) Construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any building, highway, road, railroad, excavation or other structure, project, development or improvement, or to do any part thereof, including the erection of scaffolding or any other structure or work in connection with the

- 2 -

1     construction.

2     Plaintiff argues that the environmental testing activities it was performing under the
3 contract do not fit within any of the services listed in the statute and therefore it was not a
4 "contractor" as that term is defined in § 32-1001. It argues instead that its activities under
5 the contract included "plac[ing] pumps, screens and other devices in boreholes for the
6 purpose of *sampling* groundwater and other material in order to test for contaminants."
7 Response at 3 (emphasis in original).

8     The Agreement provides that the "Subcontractor must be licensed by the Arizona
9 Department of Water Resources and Arizona Registrar of Contractors for borehole drilling
10 and well installation in the State of Arizona." Answer, ex. A at 10. Plaintiff agreed to this
11 requirement when it signed the contract. Although this contractual provision does not
12 determine the applicability of § 32-1001, it does serve to estop plaintiff from now asserting
13 that it was not required to have a license.

14     The Arizona Administrative Code, promulgated by the Registrar of Contractors,
15 provides that an A4 Drilling license is required for "Drilling [which] includes horizontal and
16 vertical drilling or boring, constructing, deepening, repairing, or abandoning wells; . . . and
17 constructing dry wells, and monitor wells." Ariz. Admin. Code R4-9-102(B).

18     Under the Agreement, plaintiff agreed to, among other things, "Advance minium 8-
19 inch diameter air rotary borehole for two-colocated wells"; "A maximum of three boreholes
20 will be drilled utilizing a Mud Rotary drill rig to depths of approximately 40 feet bgs to
21 collect geotechnical samples"; "Construct shallow approximate 50-foot bgs well"; and
22 "Construct deep approximate 300-bgs well." Answer, ex. A at 7. Moreover, the "Statement
23 of Work" section of the Agreement provides that plaintiff will perform "Drilling Services
24 which involve drilling, geotechnical sampling, well construction, well development, transport
25 and staging of drill cuttings and development water." Id. at 10.

26     The Agreement required plaintiff to construct monitor wells and drill boreholes. The
27 regulations require an A4 Drilling License for drilling, boring, or constructing monitor wells.
28 Plaintiff agreed that it "must be licensed by the Arizona Department of Water Resources and

1 Arizona Registrar of Contractors for borehole drilling and well installation." Id. It is now
2 estopped from asserting otherwise. Under the plain language of the Agreement and the
3 regulations, plaintiff was required to have a license at the time it entered into the Agreement
4 and performed the work. Plaintiff has failed to "alleg[e] and prov[e] that [it] was a duly
5 licensed contractor." A.R.S. § 32-1153. Therefore, we conclude that, under § 32-1153,
6 plaintiff is prohibited from maintaining this action.

**IT IS ORDERED GRANTING** defendant's motion for judgment on the pleadings (doc. 7). All that remains in this case is defendant's counterclaim.

DATED this 13th day of February, 2013.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 4 -