**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Precision Sampling, Inc., | No. CV-12-02228-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| EA Engineering, Science and Technology, Inc., | |
| Defendant. | |

Before the court is defendant EA Engineering, Science and Technology, Inc.'s motion for an award of attorney's fees and non-taxable costs (doc. 37) and memorandum in support (doc. 41). Plaintiff did not file a response and the time for doing so has expired. See LRCiv. 54.2(b)(3).

Plaintiff's motion for an award of attorney's fees is based on A.R.S. § 12-341.01, which authorizes a court to award fees in "any contested action arising out of a contract." It is clear that this action arose out of the parties' Subcontractor Service Order Agreement dated April 16, 2012, and that defendant is the prevailing party. In deciding a motion for an award of fees, we consider the factors outlined in Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985), including (1) the merits of the unsuccessful party's claim, (2) whether the litigation could have been avoided or settled, (3) whether

1  assessing fees would cause an extreme hardship, (4) the extent of the prevailing party's
2  success, (5) whether the legal question presented was novel, and (6) whether an award of fees
3  would discourage litigation of meritorious claims.

4      Each of these factors weighs in favor of an award of fees. Plaintiff's claim was
5  without merit. There is no indication that the litigation could have been avoided or that an
6  award would cause extreme hardship. Defendant prevailed on all relief sought. The legal
7  question was not novel and there is no showing that an award of fees would inhibit litigation
8  of meritorious claims. Therefore, we conclude that defendant is entitled to recover its
9  reasonable fees and costs.

10      Defendant seeks an award of fees and costs totaling $15,644.69. Its hourly rates for
11  partners are between $200 and $230, and for paralegals $90. These rates are comparable to
12  the prevailing rates in Phoenix, Arizona and are therefore reasonable. Defendant seeks fees
13  for a total of 72.8 hours, which we also consider reasonable under the circumstances in this
14  case. Finally, defendant's request for reimbursement of its non-taxable costs in the amount
15  of $979.69 is also reasonable.

16      Therefore, **IT IS ORDERED GRANTING** defendant's motion for award of
17  attorney's fees and non-taxable costs in the total amount of $15,644.69 (doc. 37).

18      DATED this 8th day of October, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge